TATE, Judge.
This appeal is taken by Edwin Touchet from judgment after trial on the merits dismissing his claim for workmen’s compensation benefits. The plaintiff filed suit against the Coal Operators Casualty Company, appellee, for compensation for disability resulting from two alleged accident's while employed by its insured, the Department of Highways of the State of Louisiana.
' Touchet claimed that he was injured on April 6, 1950 and again on November 30, 1951. As a result of the accident of April 6,. 1950, he allegedly sustained a severe crushing injury to his low back and left leg and further sustained a left inguinal hernia. He contends that, although disabled, he was put on light duty thereafter until November 30, 1951, when, while attempting to lift an air hammer, he suddenly felt sharp pains in his low back and left abdomen, aggravating and worsening the back injury and hernia previously sustained on April 6, 1950.,
Defendant-appellee admits that the plaintiff was injured in an accident on April 6, 1950, but claims that Touchet sustained a bruise of his left leg which produced no permanent disability. Defendant-appellee denies that the plaintiff sustained any accident whatsoever on November 30, 1951.
We, like the District Court scrutinized very carefully the evidence before holding-no second accident of November 30, 1951, was proven by . the evidence.
Touchet passed a physical examination in 1948 before he went to work for the Highway Department. We are inclined to believe that the preponderance of the medical testimony indicates that as of December 1952, four months after he was discharged by the Highway Department on August 8, 1952, Touchet was totally disabled through hernia and back disability to perform manual labor, the sole means by which this common laborer, 48 years of age, father of four children, unable to read or to write, or to-speak English, had been able to .earn his living prior to the disability. But to hold defendant liable, Tou--chet has the burden of proving both that this disability was the result of an accident in the course of his employment with the Highway Department, and that suit for which was filed not later than two years after the accident from which the disa *646 bility resulted and not later than one year from the date the disability became manifest.
The record reveals without dispute that Touchet worked for the Department of Highway from 1948 through August 8, 1952, when he was discharged for reasons having nothing to do with his alleged disability. Suit was filed October 30, 1952, for the alleged disability resulting from the accidents of November 30, 1951, and of April 6, 1950. No workmen’s compensation had ever been paid Touchet for any disability. The sole evidence that the second accident occurred is Touchet’s statement that while working an air hammer, in St. Mary Parish, he turned and felt a sudden pain in his back and left hip, so severe that he could not stand up. He said he stayed home over the weekend and the following week, taking heat treatments. The only corroboration to this was furnished by the testimony of a former co-employee, Howard Delahoussaye (discharged at about the same time as Tou-chet), who however apparently (his testimony is somewhat ambiguous) testified that the second accident occurred when Tou-chet turned loose while rolling asphalt and was unable to work for a few days. (Del-ahoussaye also testified to an earlier occasion when Touchet had turned loose an air hammer in St. Martin Parish, but had continued working without any days off.)
The District Court found Delahoussaye’s testimony insufficient corroboration, in the face of the contrary testimony by Tou-chet’s foreman and the four other crew members that no such accident had occurred.
As urged by plaintiff on appeal, the highway foreman was somewhat evasive in that he did not remember until confronted on cross-examination with department records prepared by him that Touchet lost a week’s work in December, 1951 (which he then recalled as occasioned by flu). Also, it was necessary for plaintiff’s attorney to plead surprise since Sim Broussard, also still employed by the Highway Department, called by plaintiff as his witness, did not “remember” a conversation with plaintiff’s attorney three or four weeks before the trial, in which he had told plaintiff’s attorney of an accident or disability later than the one in 1950.
The inferences arising therefrom favor plaintiff, but are not sufficient to supply positive corroboration in the absence of direct testimony, such as that of Dr. Eldridge Bourgeois, who allegedly examined and treated plaintiff immediately following both accidents. That the testimony of a claimant is unsupported by the testimony of other witnesses will not preclude us from finding that the claimant was injured in an accident, if his explanation of the accident and injuries is supported by surrounding circumstances, Zito v. Standard Accident Insurance Co., La.App., 1 Cir., 76 So.2d 25. But we are unable here to hold erroneous the trial court’s factual determination that there was not sufficient proof in the record that a second accident had occurred as alleged, in the face of the contrary evidence.
Neither the plaintiff nor the defendant sought to include the testimony of Dr. Eldridge Bourgeois, who examined and treated Touchet after both the accident of April 6, 1950, and the alleged accident of November 30, 1951. Plaintiff urges that since Dr. Bourgeois is the regular physician of the employer, the Department of Highways; therefore defendant’s failure to educe the testimony of this physician should be construed against defendant. The District Court refused to construe the failure of either party to produce the testimony of Dr. Bourgeois against either party.
The testimony of this witness would be of very great weight in determining whether any accident at all occurred on November 30, 1951, and would be of much assistance in determining the relationship of Touchet’s present disability (if any) to the alleged accidents of November 30, 1951, and of April 6, 1950. The failure of either party to call this crucial witness did in fact give us pause.
Since it could easily have been stipulated without prejudice to either party if *647 Dr. Bourgeois had no recollection or records concerning treatment of Touchet, we can only assume that the failure of either party to call this witness indicates that his testimony would he unfavorable in some respects to both parties. But the record does not reflect any surprise to plaintiff when defendant did not call him or any request by plaintiff for inclusion of this physician’s testimony. Plaintiff showed no desire for the testimony of this physician— only for the unfavorable inference which may arise from the employer’s failure to call him. (And like the trial court, we decline to draw any inference unfavorable to either party, since it appears to us equally plausible to infer unfavorably against plaintiff — with the burden of proof — failing to produce this almost necessary corroboration of accident and relationship of disability to accident.) The record as presently constituted does not appear to justify leaving the note of evidence open for his testimony or the remand for this purpose.
Again, we are unable to let a mere unfavorable inference which might arise from defendant’s failure to call this physician overcome or outweigh the District Court’s factual determination based upon sworn evidence that no such accident occurred.
Touchet further alleges and sought to prove that he has been continuously disabled also since the earlier proven accident of April 6, 1950. His case is based partly upon allegedly his being assigned only to the lighter portions of his duties when he returned, which all of the other members of his crew testifying denied, except for Delahoussaye. The District Court found that a preponderance of the evidence supported the finding that Touchet continued to perform the same duties as before the accident and that there was no express or implied agreement to pay full wages for the performance of lighter duties in lieu of compensation, so as to interrupt or suspend prescription. This finding is not manifestly erroneous and cannot be disturbed.
We may also add that no medical evidence was produced to relate the alleged disability of the present to the accident of April 6, 1950.
Accordingly, since the only accident proved is that of April 6, 1950, and since no compensation was paid as a result of this accident, nor were any payments made in lieu of compensation, Touchet’s action for any disability resulting therefrom is perempted under LSA-R.S. 23:-1209. The allegations of the petition and the attempted proof are that the disability was manifest continuously from April 6, 1950, the date of the accident, and the suit was not filed until October 30, 1952, or more than two years after the accident and more than one year after the manifest injury.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.