MOISE, Justice.
Plaintiff-wife filed suit against her husband for a separation of bed and board on the grounds of cruelty, and the defendant-husband reconvened and asked for a like judgment on the same grounds. Defendant appeals from a judgment rendered in plaintiff’s favor.
The parties lived together for twenty-two years, and there was no issue of the marriage.
The wife devoted herself to managing and supervising a grocery store and later a bakery, in which they were mutually engaged. She handled all the money from these businesses, and being a shrewd woman and a good manager she amassed a size-able community. The husband worked for a ship-yard during World War II, but, thereafter, he did menial chores delegated to him by the wife. The wife asserted a superior attitude toward her husband, and he succumbed to a position of inferiority in relation to her. There was constant quarrelling and bickering between them in private and in public, which rendered their living together insupportable.
The facts go to show that both parties were at fault. But, the trial judge, who saw and heard the witnesses and *433 evaluated their testimony, and who observed everything that transpired in the courtroom that was not susceptible of being taken down by a stenographer, decided the case in favor of the plaintiff-wife.
In Olivier v. Abunza (Olivier), 226 La. 456, 76 So.2d 528, 530, we stated:
“This Court has a rule, which is but a splendid affirmative in determining evidence taken by another court, that where the judge has seen, has heard, ■and has observed the witnesses and the many things that transpire in a courtroom which are not susceptible of being taken down by a stenographer, that his judgment on a question of fact will never be disturbed unless manifestly erroneous. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Moser v. Moser, 220 La. 295, 56 So.2d 553.” See, also, Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43; Saunders v. Walker, 229 La. 426, 86 So.2d 89; McMahon v. Manufacturers Casualty Co., 227 La. 777, 80 So.2d 405; Smith v. Westchester Fire Insurance Company of New York, 227 La. 812, 80 So.2d 418.
Here, the trial judge was not manifestly erroneous in granting this separation of bed and board in favor of the plaintiff-wife.
Separations as in the instant case have increased from year to year. Our laws are not too lax, and marital misery cannot be decreased by lessening the rigor of the law. If a woman does not honor her husband above all other men, she should not be compelled to share his bed; if a man does not love his wife, happiness cannot abide in their home. People who do not desire to live together should be allowed to separate, if the grounds urged come within the provisions of the articles of our LSA-Civil Code (136 et seq.). It is a matter which husbands and wives are in the main compelled to decide for themselves. They have entered into a civil contract to make each other happy, and the law cannot make people virtuous or happy. Our courts have no jurisdiction over hearts, and we cannot prevent mistakes in marriages.
Judgment affirmed.
McCALEB, J., concurs in the decree.