93 So.2d 917 (1957)
232 La. 102
Walter J. JONES
v.
Ocie Brackin JONES.
No. 42039.
Supreme Court of Louisiana.
February 25, 1957.
*918 Wilson, Abramson & Maroun, Shreveport, for appellant-defendant in reconvention.
Love & Rigby, Shreveport, for defendant-appellee.
SIMON, Justice.
Walter J. Jones instituted this suit against his wife, Ocie (Ossie) Brackin Jones, for an absolute divorce on the statutory[1] ground of having lived separate and apart continuously for a period in excess of two years.
Answering, the defendant admitted the alleged separation, and, alleging that she was in necessitous circumstances, reconvened for alimony, to be recognized the owner of and placed in possession of onehalf of the property belonging to the community of acquets and gains, and for attorney's fees in the sum of $150 to be cast against the community mass.
After trial on the merits judgment was rendered granting to plaintiff an absolute divorce, awarding defendant alimony in the sum of $10 per week, recognizing her to be the owner of and sending and putting her into possession of one-half of the community property, and awarding her attorney's fee in the sum of $150 as prayed for.
Plaintiff perfected a suspensive appeal from said judgment, however, the only issue before this court as conceded by appellant in his brief is the one which relates to the alimony awarded. Appellant contends that the trial court erroneously allowed alimony in that the defendant was not in necessitous circumstances.
The issue, therefore, becomes one which is more or less factual. The conclusion of fact reached by the trial court and its judgment thereon will not be disturbed unless manifestly erroneous. This rule has been too well established in our jurisprudence to warrant citation.
LSA-Civil Code, Article 160, which authorizes an allowance to a wife on divorce, provides in part:
"* * * provided, however, that in cases where, under the laws of this State a divorce is granted solely on the *919 ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."
The alimony provided in Article 160 is, under our jurisprudence, in the nature of a pension accorded by law to the wife. This alimony or pension is nothing more than a pure gratuity which the court may allow and fix at its discretion at an amount not to exceed more than one-third of the husband's income, and is revocable when it becomes unnecessary. Player v. Player, 162 La. 229, 110 So. 332; Fortier v. Gelpi, 195 La. 449, 197 So. 138; Scott v. Scott, 197 La. 726, 2 So.2d 193; Slagle v. Slagle, 205 La. 694, 17 So.2d 923; Brown v. Harris, 225 La. 320, 72 So.2d 746.
An examination of the record reveals that the parties hereto are members of the colored race, were married during May, 1934 and voluntarily separated during the month of August, 1951. This suit was filed on May 5, 1954. During the period of separation the plaintiff did not advance any sum or sums of money for the maintenance and support of the defendant, notwithstanding the fact that he was employed as the pastor of a local church at a salary of $50 per week; that after the separation he continued to occupy the matrimonial residence and to use the contents therein free of rental obligation, whereas the defendant was compelled to occupy another residence at a monthly rental of $42.
The record discloses that during the separation and at the time of the trial the defendant was employed in a private home as a domestic worker at $3 a day. She received no other income from any other source. Her married daughter lived with her and contributed to the household expenses. Their grocery bill amounted to about $20 a week; their light bill, about $4 a month; their water and gas bill, about $1.13 and $1.50 per month, respectively. In addition, defendant was required to have medical treatments at an expenditure of about $7 or $8 a treatment, though there is nothing in the record to show how often she incurred this expense.
In his brief counsel for defendant argues the absence of fault in the defendant wife for the basis of her claim to alimony under Article 160 of LSA-Civil Code, which we need not inquire into for the reason that the plaintiff husband does not raise that issue but argues solely the question of the needs of the defendant. He contends that as long as the defendant wife has other property or means available and so long as she has an income, from whatever source, her claim for alimony is without legal sanction. In support of this contention he cites the case of Brown v. Harris, 225 La. 320, 72 So.2d 746, 747.
Our findings and reasoning in the Brown case are not applicable in the instant one. In that case the husband filed a rule to show cause why a previous judgment of the court awarding the wife alimony of $55 a month should not be set aside and why he should not be relieved from further payments of alimony. By stipulation of the parties it was shown that the financial status of the wife had not changed since the alimony had been fixed in said judgment except for the amount received by her in the partition of the community, $7,315.01. The wife was gainfully employed, earning $150 per month; she had on deposit in a building and loan association $6,000, which earned a dividend at 3% per annum, or $16.50 per month. In considering the merits of the rule this court was of the opinion that under the facts and circumstances of that case the *920 wife had sufficient means for her maintenance and rendered judgment making the rule absolute.
In Brown v. Harris, supra, we find the following observation:
"In Fortier v. Gelpi, supra (195 La. 449, 197 So. [138] 140), this court said:
"`* * * The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with `sufficient means for her maintenance.' In arriving at this amount, necessarily the husband's ability to pay must be taken into consideration. * * *' See also Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Smith v. Smith, 217 La. 646, 47 So.2d 32; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321.
"In Smith v. Smith, supra, this court had occasion to consider the meaning of the phrase `sufficient means for her maintenance' in Article 160, and concluded that `maintenance' as this word is used in the article includes primarily food, shelter, and clothing. The amount necessary for maintenance is to be determined by the facts and circumstances of each particular case, within the sound discretion of the trial judge, but, inasmuch as there is no longer an obligation under Article 120 for the husband to support the wife and the alimony is nothing more than a pension or gratuity, the trial judge in fixing the amount is not bound by the manner in which the wife has been accustomed to live."
In the instant case the husband was employed at a rate of $50 a week. The wife was employed at the rate of $15 a week. During the separation the plaintiff failed to contribute anything to the maintenance and needs of his wife. During that period he enjoyed the benefits of the community property and effects existing between them, including the use of the community automobile, whereas the wife was compelled to pay rent for separate living quarters and to maintain herself out of her limited income as stated.
The record further reveals that during the period of the separation the husband encumbered the community immovable property, consisting of a lot and a residence located thereon and having an approximate value of $2,700, by granting a mortgage thereon in the sum of $1,800. The loan thus obtained was used to construct a garage on the said property for the community automobile. This encumbrance was effected without the knowledge of the defendant wife.
The record convinces us that the district judge, in finding the defendant to be entitled to alimony from the plaintiff husband in the sum of $10 per week, was clearly justified.
For the reasons assigned the judgment appealed from is affirmed. All costs to be paid by plaintiff-appellant.
NOTES
[1] LSA-R.S. 9:301.