96 So.2d 916 (1957)
Louis PIERRE et ux., Plaintiffs-Appellants,
v.
Clifford E. GALLOWAY et al., Defendants-Appellees.
No. 4471.
Court of Appeal of Louisiana, First Circuit.
June 28, 1957.
Rehearing Denied September 23, 1957.
Writ of Certiorari Denied November 12, 1957.
Mary Purser and E. H. Bostick, Jr., Amite, for appellant.
Reid & Reid, Hammond, for appellee.
TATE, Judge.
About 2:30 P. M. on the sunny afternoon of Sunday, September 12, 1954, Cornelius Pierre was killed in a motor vehicle accident. This suit is brought by his parents for the damages occasioned by the death of their unmarried major son. The co-defendants are the owner and liability insurer of a dump truck driven by Rober Baham, the other vehicle involved in the head-on collision between it and the decedent's 1948 Chevrolet car.
After trial, the District Court dismissed this suit on the ground that the fault of the decedent was a proximate cause of the accident.
Primarily, this appeal raises a factual question. The District Court found that the accident occurred because the decedent, rounding a curve on a gravel road, had lost control of his vehicle and skidded into defendants' opposite-bound truck in its correct and decedent's left-hand (or wrong) lane. If so, decedent's negligence was a proximate cause of the accident, LSA-R.S. 32:231, 32:232, 32:233 Subd. C, Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So. *917 2d 671, Mershon v. Cutrer, La.App., 85 So. 2d 639, and plaintiffs' recovery is barred.
Able counsel for plaintiffs-appellants argue that, instead, the accident was occasioned by the defendants' truck's encroachment, at high speed, onto the decedent's lane of traffic; rather than contrariwise, as found by the trial court.
The District Court's determination was reached by accepting as correct the testimony of defendants' truck driver and his wife, his passenger, as corroborated to some extent by the physical situation after the accident of the truck in its right-hand ditch and the decedent's demolished car athwart the middle of the road. Partly on the basis of a visitation to the scene in company of counsel herein, the District Court discounted as mistaken the testimony of the only other eyewitness to the accident testifying, who did so on behalf of plaintiff, that from one-fourth mile away, at an angle, she had been able to see and notice prior to the accident the position of the vehicles involved in the collision relative to their respective lanes.
We are unable to hold that in so accepting and rejecting testimony the District Court committed error. And the trial court's factual determinations should not be disturbed on review unless manifestly erroneous, Jones v. Jones, 232 La. 102, 93 So.2d 917, especially when based upon an evaluation of the credibility of opposing witnesses, Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591.
The several witnesses who testified on behalf of plaintiffs to the effect that at various distances away from the site of the accident, the defendants' truck was proceeding at a speed of 60 mph, while the decedent's car was travelling at 35-40 mph, are impressive; and, if accepted as accurate by the District Court, may have afforded some grounds to discount the credibility of the Bahams. But this testimony does not present on appeal a compelling reason to discard, as manifestly erroneous, the District Court's determination that at the subsequent time and different place of the accident, the decedent was proceeding around the curve at such a rate of speed, in the lane of traffic reserved for opposing traffic such as defendants' truck, that upon suddenly perceiving said truck in his path the decedent lost control of his own vehicle, precipitating the fatal accident.
Likewise, the appellants' argument that the defendant's failure to produce as a witness the other adult passenger in the truck at the time of the accident should raise a strong presumption that his testimony would have been unfavorable to the defendant, not only overlooks that such presumption arising from the failure to produce the witness is not sufficient to outweigh positive sworn testimony of eyewitnesses accepted as true as in this case by the trial court, Franz v. Shushan, 14 La. App. 465, 131 So. 591, cf., Turner v. Southern Industries Co., La.App. 1 Cir., 88 So.2d 238 (syllabus 4). Such presumption seems inapplicable under the facts of this case, where the defendants had the witness available to testify on the date the case was initially set for trial, but were refused a continuance for such purpose when said witness failed to appear at a subsequent date to which the trial was continued; and when their request to have the note of evidence reopened to take said testimony, when plaintiffs raised the issue in their trial brief, was refused.
For the above and foregoing reasons, the judgment dismissing plaintiffs' suit is affirmed.
Affirmed.