TATE, Judge.
On July 13, 1952, William P. Lebo was injured while riding as a passenger in a car driven by his son, the operation of which vehicle was at the time insured by a liability policy issued by defendant company. Subsequent to trial below Lebo died, and his widow was substituted as party plaintiff.
Defendant appeals from adverse judgment.
The uncontradicted facts show that the car in which Lebo was riding was proceeding southward on Ninth Street in the City of Eunice at about 9:30 p. m. on the evening of the accident and that it crashed into and knocked down a utility pole on the southwest corner of the intersection of that street with Park Avenue. The utility pole with which the car collided was situated on a portion of the intersection’s southwest block which protruded directly into the path of southbound traffic on Ninth Street in what is sometimes known as a “dog-leg” intersection — that is, Ninth Street south of the intersection was offset slightly to the east of the part of Ninth Street (upon which plaintiff was riding) north of the intersection. Thus, a southbound motorist such as plaintiff’s driver had to veer eastward in order to follow the roadway and *419 to avoid running into the light pole on the intersection’s protruding or inset southwest corner.
The testimony of Lebo and of an eye witness sitting on her porch nearby at the time was to the effect that the car insured by defendant crossed the intersection from the north and collided directly with the pole on the corner without having veered easterly, or to its left, as required by the offset or “dog-leg” of the course of the street. According to these witnesses, no other traffic was in the intersection at the time. No other witnesses testified as to the accident.
(Both Lebo and the defendant failed to call the driver of the car, Lebo’s son and defendant’s insured. Under the circumstances of the family relationship between this witness and the plaintiff, and in spite of the theoretically adverse legal interest between them, we are unwilling to draw any inference adverse to either party arising from its failure to call him to testify. Newman v. Fidelity Mut. Ins. Co., La.App. 1 Cir., 86 So.2d 404; Touchet v. Coal Operators Cas. Co., La.App. 1 Cir., 79 So.2d 644, syllabus 4. But in any event, any presumption to be drawn from either party’s failure to call a witness to testify will not outweigh sworn evidence accepted as credible by the trier of fact which proves, or disproves, negligence. Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916, certiorari denied.)
While the trial court found, and counsel for plaintiff argues, that the “doctrine” of res ipsa loquitur applies, we do not believe it is necessary to consider this question. The uncontradicted testimony in the record furnishes direct evidence of the negligence of defendant’s insured since he failed to maintain such lookout, speed and/or control of the vehicle he was driving as to avoid leaving the course of the roadway and colliding with the utility pole on the corner.
See Fetterly v. McNeely, La.App. 1 Cir., 77 So.2d 757; Levy v. Indemnity Ins. Co., La.App. 2 Cir., 8 So.2d 774, certiorari denied; Harrelson v. McCook, La.App. 2 Cir., 198 So. 532, certiorari denied; Gomer v. Anding, La.App. 1 Cir., 146 So. 704; Monkhouse v. Johns, La.App. 2 Cir., 142 So. 347; Hamburger v. Katz, Orl., 10 La.App. 215, 120 So. 391.[1]
Able counsel for defendant calls our attention to the variance between Lebo’s testimony under oath at the trial from a statement taken by its adjuster following the accident and also from the allegations of the petition. These latter versions of the accident indicated that an opposite- or north-bound car crossed Lebo’s car at the intersection. Lebo’s trial testimony is that the northbound car on Ninth Street had not yet reached the intersection at the time of the accident, although its lights shone towards him.
Variance between the pleading and the proof is permissible in tort actions when it does not affect the gist of the cause of action. Gillis v. Great Atlantic & Pacific Tea Co., La.App. 1 Cir., 95 So.2d 186, certiorari denied. The present cause of action is based upon the driver’s heedlessness or mis judgment in running into the light post rather than veering and following the roadway, and it is proved by direct evidence of the accident produced on behalf of the plaintiff and accepted by the trial court, which uncontradicted evidence as a matter of fact negatives any defense that such failure to follow the roadway may have been excusable.
Defendant, as insurer of the driver who left his own lane of the roadway and thereby caused an accident, has the burden *420 of proving by “clear and convincing evidence” that its driver’s action “was due to unexpected and unforeseen circumstances over which he had no control and that he did not in any particular contribute to the mishap”, Rizley v. Cutrer, 232 La. 655, 95 So.2d 139, 141. See also Noland v. Liberty Mut. Ins. Co., 232 La. 569, 94 So.2d 671; Fetterly v. McNeely, La.App. 1 Cir., 77 So.2d 757. Defendant introduced no evidence whatsoever which would tend to support such a defense.
Ultimately, the argument of the appellant relying upon the difference between Lebo’s trial testimony and the versions indicated by the petition and the adjuster’s statement is directed at Lebo’s credibility. However, the District Court, specifically noting the discrepancy, accepted Lebo’s trial testimony as correctly depicting the accident. The trial court is in a far better position to judge the credibility of witnesses than is an appellate court, and such evaluation and the trial court’s factual findings will not be disturbed upon review unless manifestly erroneous, Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916, Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71, as is not the present case.
As to the quantum, we think supported by the record the amount of $4,000 awarded as special damages for loss of earnings over two years because of disability resulting from the accident.
Plaintiff’s answer to the appeal requests an increase in the trial court’s award of $2,500 for pain and suffering caused by the personal injuries sustained in the accident.
Lebo sustained a comminuted fracture of the femur of his right leg, which required an open reduction operation and an intermedullary fixation with a nail. He was hospitalized about a month, used crutches and a cane for a period of time thereafter, and was unable to perform sustained laboring for approximately two years. We do not think the award for pain and suffering to be manifestly insufficient. Tucker v. State, La.App. 1 Cir., 91 So.2d 56; Fetterly v. McNeely, La.App. 1 Cir., 77 So.2d 757; Chavers v. A. R. Blossman, Inc., La.App. 1 Cir., 45 So.2d 398.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.

. Many of these eases are among those cited as having applied the doctrine of res ipsa loquitur although actually the testimony supplied direct evidence of the negligence of the tortfeasor, see Malone, “Res Ipsa Loquitur and Proof by Inference”, 4 La.Law Review 70, 105-106, cf. Larkin v. State Farm Mut. Auto Ins. Co., La., 97 So.2d 389, at footnote 6 on page 392.