TATE, Judge.
The owner and the collision insurer of a truck sought and obtained judgment for the property damage of $386.75 sustained by it in an accident of October 8, 1954. Made defendants were both the owner and the driver of the other vehicle involved in the side-swipe collision, who appeal from this adverse judgment.
A large truck and trailer owned by plaintiff Rabalais was proceeding eastward at a speed of 35-45 mph on U. S. Highway 90 on the afternoon of the collision. At the same time defendant Noel’s 1951 Ford truck hauling a rice auger on a rice-cart was being driven westward by the codefendant Mathews, employee of Noel. The rice auger protruded approximately 18" over the side of the rather wide rice-cart, there being an overall width of at least 9i/£'. Because of the width of the rice auger on the rice-cart, defendant Mathews testified that he was driving at the slow speed of 10-15 mph, with his right wheels on the right shoulder.
The two vehicles met just at the east end of a small curve. The principal conflict in the evidence, and the principal issue of this appeal, is whether the collision occurred because plaintiffs’ truck protruded or swerved over the center line into defendants’ lane of traffic, or whether on the contrary defendants’ rice auger protruded or swerved over the center line into plaintiffs’ driver’s lane of traffic.
In rendering judgment for plaintiff, the District Court accepted the testimony of plaintiffs’ witnesses to the effect that plaintiffs’ truck was in its own lane of the highway when its refrigerator trailer was raked by the defendants’ rice auger.
Recognizing the well-settled principle that factual determinations of the District Court founded upon its evaluation *532 of the credibility of witnesses should be accepted on review in the absence of manifest error, Gilbert v. Heintz, 231 La. 535, 91 So.2d 784, Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916, counsel for defendants-appellants nevertheless by meticulous analysis of the evidence and with considerable astuteness attempts to convince this Court that the trial court’s evaluation of the credibility of the witnesses in this case was indeed manifestly erroneous.
Talcing- the record as a whole, however, we are unable to agree.
The positive testimony of plaintiffs’ driver (who testified by deposition), corroborated by a co-driver asleep in the cab who was instantly awakened by the collision, is positive to the effect that he was in his own lane of traffic at the time of the impact.
The State Trooper who investigated the accident shortly thereafter was also of the opinion that the accident had occurred in this manner. And while counsel for defendant vigorously assails the District Court’s construction of the testimony of this witness to hold that the “tire marks” of plaintiffs’ truck showed that it had stayed within its own lane, nevertheless we feel that a fair reading of this testimony (at Tr-19-21, see Tr-23) can support the trial court’s construction of this admittedly somewhat vague testimony.
Based upon the record, we further cannot say that the District Court was in error in discounting as uncertain the testimony of the defendants’ driver that he was on his own side of the highway when, according to him, the Rabalais truck suddenly swerved over to his side when approximately 30’ in his front.
Defendants’ witness Broussard — who allegedly was proceeding in the same direction as, and had been passed in the curve by, plaintiff’s truck immediately prior to the collision — testified that the plaintiffs’ truck was over the center line and in the defendants’ lane at the point of the impact. The District Court discounted the testimony of this lifelong friend of the defendants on the basis of his demeanor, as well as of certain discrepancies or improbabilities in his testimony, including the vagueness as to some details contrasted with an unusually precise observation of other details. We ourselves notice that this witness’ testimony of the sudden passing of his own vehicle by the plaintiffs’ truck is not corroborated even by defendants’ driver, as well as being positively contradicted by the plaintiffs’ driver.
For the above and foregoing reasons, we affirm the judgment of the District Court herein holding that the sole proximate cause of the accident was the negligence of the defendants’ driver.
Affirmed.