TATE, Judge.
This is a suit to recover damages for personal injuries sustained by the plaintiff when in July 1954 she fell through the porch of a house owned by the defendants. Plaintiff appeals from judgment dismissing her suit.
It is not seriously disputed that the accident occurred when plaintiff’s left foot fell through a defective board on the porch of the defendants’ house, in which at the time she was living as tenant, and that as a result thereof she suffered certain personal injuries. The chief issue of this appeal is whether the plaintiff’s recovery is barred by her contributory negligence.
Both parties cite and rely upon Judge Hamiter’s often-quoted summary in Redd v. Sokoloski, La.App., 2 Cir., 2 So.2d 266 of the jurisprudence relating to a tenant’s contributory negligence, 2 So.2d 268:
“[1], [WJhere a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. [2] If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.”
By her appeal plaintiff urges that the defendants-appellees have not borne their burden of proving that plaintiff’s injuries resulted from her negligent use of a portion of the premises obviously and imminently dangerous so as to bar her recovery under the second principle above-stated.
Able counsel for the plaintiff relies upon the conceded fact that the porch was in dilapidated condition and upon the plaintiff’s testimony that the floor immediately in front of the door gave way under her. (Her testimony is corroborated by a witness subpoenaed by her, Tr. 84, and by another witness subpoenaed by the defendants, Tr. 106). With considerable force, counsel then argues that, since plaintiff had been a tenant on the premises for at lease five years and had used the porch doorway several times a day during that period, it was reasonable of her to assume (even though she had complained to her landlord of the porch’s defective condition) that she could continue to use the porch safely. It is urged that therefore her recovery for damages caused by an accident resulting from such use is not barred by any contributory negligence on her part.
Brown, the landlord defendant, testified that, as a result of the plaintiff’s complaints concerning the porch, he employed a carpenter to affix two 2" x 12" oak planks across the porch to form a runway between the porch steps and the doorway approximately three weeks before the accident. Brown stated that he did not repair more of the porch because he intended to rebuild the old house and in fact (as admitted by the plaintiff) had for at least several *284 months had new lumber piled in the vicinity of the premises. (Immediately after the accident, the rented premises were torij down and a new house constructed.)
Brown further testified that the runway so constructed was indeed safe for use but that approximately 8-16 inches east of the runway, to its left as one entered the door and where one might normally step as the door swung outward, was an obviously dangerous pine board with a large knot-hole partly poked out; and that he specifically warned the plaintiff, who was standing in the doorway as the repairs were completed, not to put her weight upon that board. Brown’s testimony was corroborated by that of the carpenter, as was the former’s statement that at this time he had requested the plaintiff to move so that he could rebuild the house. The plaintiff denied that such repairs were ever made, as well as any such warning or conversation.
The trial court accepted as true the testimony of the carpenter, who lived across the street and who saw the plaintiff fall in the accident in question, that the porch gave way under her because she had stepped upon the defective pine board which did not bear her weight of 300 lbs., and which was to the side of and not in front of the door. The carpenter went over immediately after the accident and saw that the porch board which had given way was indeed the defective one about which the plaintiff had been warned by the landlord.[1] Under such testimony, the plaintiff’s recovery is barred by her use of so obviously and imminently dangerous a portion of the premises.
We are unable to say that the trial court committed manifest error in accepting as credible the testimony educed by the defendants exonerating them from liability over the contradictory testimony produced on behalf of the plaintiff. As we state in Pierre v. Galloway, La.App., 96 So.2d 916, at page 917, “the trial court’s factual determinations should not be disturbed on review unless manifestly erroneous, Jones v. Jones, 232 La. 102, 93 So. 917, especially when based upon an evaluation of the credibility of opposing witnesses, Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591.”
The trial court judgment dismissing plaintiff’s suit is therefore
Affirmed.

. This testimony is somewhat corroborated by Brown’s testimony that in the wreckage of the porch the following morning the only broken board was the pine board about which he had warned the plaintiff. He did not see the porch that night after the plaintiff’s accident; and during the night, to note one of the curiosities of the present record, the entire porch was tom away from the house and placed on a nearby lot, although all parties and witnesses (almost all of whom lived across the street or a few houses away) deny any knowledge as to by whom or by whose orders this was done.