TATE, Judge.
Plaintiff was awarded judgment for $678.19 damages sustained by his motor vehicle in a collision with an automobile driven by the defendant’s minor son, and the defendant appeals.
The accident occurred on U. S. Highway 190 two miles, south of Covington at midnight on November 1, 1958. Both vehicles were proceeding south. Immediately before the collision, the defendant’s son had drawn onto the right shoulder of the road to permit a passenger to get out. The collision occurred when defendant’s son pulled back onto the highway.
The plaintiff’s driver and his wife, who was riding as passenger in his vehicle, testified that they saw the defendant Mar-cotte’s car stopped on the shoulder and that, as they drew almost even with it, said *128 automobile pulled suddenly and without warning into their path, as a result of which the two vehicles immediately collided. These witnesses testified that the plaintiff’s vehicle was at the time proceeding within the legal speed limit at the place of the accident, 45 mph.
Under this testimony, accepted as correct by the trial court, the sole proximate cause of the accident was the negligence of the defendant’s son in pulling suddenly and without signal onto the highway from the shoulder, in derogation of the superior right of way of the traffic approaching on the highway from his rear. The trial court’s factual determination based upon the credibility of witnesses should be accepted upon review, except in the case of manifest error. Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916. The evidence in the record as a whole supports this conclusion by the trial court.
Defendant’s son testified that, before pulling back onto the highway, he glanced •over his left shoulder and saw no traffic; "that he immediately pulled out onto the highway; and that he was struck when his front wheels had just proceeded five feet into the highway. Other witnesses for the defendant corroborated this testimony that the point of impact was just four to five feet east of the shoulder. Even though the defendant’s son drove back onto the highway very slowly, under his own testimony he must have driven onto the highway when the on-coming vehicle, which he did not see, was within a very few feet •of him: even if he were proceeding at a speed of only 5 mph (i. e., 7.3 feet per second), the accident occurred a split-second .after his vehicle entered the highway upon which the plaintiff’s vehicle was approaching.
Able counsel for the defendant-appellant chiefly contends upon appeal that the •circumstance that the plaintiff’s vehicle •did not come to a final stop until almost 200 feet past the point of impact indicates {based upon stopping charts introduced into evidence) that such vehicle must have been approaching at a speed greatly in excess of the legal speed limit at the place of 45 mph. While we doubt that, even so, such excessive speed under the circumstances of this case could constitute a proximate cause of the accident, the evidence in the record indicates that the plaintiff’s driver did not continuously brake his vehicle following the accident but instead continued to roll down the highway until the vehicle came to rest, holding the vehicle as steady as possible in the meantime, for fear that a sudden stop would injure his wife, who was seven or eight months pregnant at the time.
Although the defendant produced a service station and wrecker operator who had allegedly measured “skid marks” nearly 200 feet long made by plaintiff’s vehicle following the accident, the state trooper who investigated the accident found only slight marks when the driver first applied his brakes “just for a second, then he went on up the shoulder and into the ditch”. (Tr. 14) ; thus corroborating the plaintiff’s version of the accident.
(With regard to this testimony by the police officer, able counsel for the defendant contends that it is inadmissible and should not be considered by this court. The direct examination of the police officer, who had been called by the defendant, was limited to testimony that there were signs posted at the place of the accident showing that the road was under construction and that the speed limit was 45 mph. When the plaintiff upon cross-examination questioned the police officer as to whether he had investigated the present accident and sought to elicit the result of such investigation, the defendant’s counsel objected on the ground that the cross-examination must be limited to the matters brought out in direct examination. The trial court overruled this objection and permitted the state trooper to be examined by the plaintiff’s counsel concerning the facts of the present accident.
*129 (In urging that the cross-examination should be so restricted, the defendant cites to us the treatise statement of the rule applying in many American jurisdictions that “a party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination,” 58 Am.Jur. “Witnesses” Section 629, p. 349. Without necessarily agreeing that the rule applies in civil cases in Louisiana, we note that the same treatise also states, “It is to be observed, however, that the rule merely denies a party the right to insist upon cross-examining upon matters concerning which the witness did not testify; the trial court in its discretion may permit such a line of cross-examination”, Ibid., pp. 349-350.)
For the foregoing reasons, the judgment is
Affirmed.