142 So.2d 421 (1962)
Guy PEART et ux., Plaintiffs-Appellants,
v.
J. W. SLOCUM, Jr., Defendant-Appellee.
No. 565.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
Alfred Ray Ryder, Oberlin, for plaintiffs-appellants.
Stafford & Pitts, by Grove Stafford, Jr., Downs & Gremillion, by Field V. Gremillion, Alexandria, for defendants-appellees.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
FRUGÉ, Judge.
This is a suit for personal injuries filed by plaintiffs-appellants, Mr. and Mrs. Guy Peart, as a result of an accident which occurred on March 8, 1960, when her automobile struck a horse belonging to defendant-appellee, J. W. Slocum, Jr. Plaintiffs have appealed from a judgment dismissing their suit.
A subrogation suit was filed by Emmco Insurance Company, the insurer of J. W. Slocum, Jr. These two cases (Nos. 565 and 566) were consolidated for the purposes of trial and appeal.
This accident occurred at approximately 10:30 P.M. in front of the residence of J. W. Slocum, Jr., on Louisiana Highway No. 1. The horse that Mrs. Peart struck was red with a white blaze and one white foot; it weighed approximately nine hundred and fifty pounds.
Plaintiff alleges that since Highway No. 1 is protected by the stock law, that the defendant was negligent in permitting his horse to be loose on the road, and in failing to maintain the proper fences. The defendant contends that Mrs. Peart was guilty of contributory negligence when she exceeded the speed limit and failed to keep a proper lookout.
The trial court held that although the defendant was guilty of negligence in failing to keep his horses off the highway, Mrs. Peart's own negligence was a contributory cause of the accident and her suit was dismissed.
Since Mrs. Peart was the only eyewitness to the accident, ordinarily her testimony would be relied on to show exactly what happened just before the accident; however, it appears that her testimony is rather evasive, contradictory and confusing. Mrs. Peart testified inter alia, that she did not see the horse prior to the accident and that it seemed to have "dropped out of *422 the sky". In McGee v. Southern Farm Bureau, La.App., 125 So.2d 787, the court held that:
"A motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and ordinarily the driver of an automobile is negligent in driving at a rate of speed greater than that in which he can stop within range of vision." [Citations omitted.]
There, as here, plaintiff testified that the animal darted out in front of him, and the collision was unavoidable. The court held against the motorist as it did not believe the cow suddenly darted out into the highway. Because of the fact that Mrs. Peart has made up several different stories about this accident, it is certainly understandable why the trial court did not believe her.
The trial court found Mrs. Peart's testimony was contradicted by the testimony of several witnesses, and that she had given conflicting accounts of how the accident occurred. The jurisprudence and the accepted doctrine of this state is that the trial court is in a far better position to judge the credibility of witnesses than is an appellate court and such evaluation and the trial court's factual finding should not be disturbed unless manifestly erroneous, especially when based on an evaluation of credibility of opposing witnesses. See Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591, Jones v. Jones, 232 La. 102, 93 So.2d 917, Pierre v. Galloway, La.App., 96 So.2d 916, Guidry v. Crowther, La.App., 96 So.2d 71, Lebo v. Metropolitan Casualty Co. of New York, La.App., 99 So.2d 417, Scruggins v. Connecticut Fire Insurance Company, La.App., 137 So.2d 368.
We believe that the trial court was eminently correct in stating:
"There is a realization that under our law the burden of proving contributory negligence is placed upon the party alleging it. It is concluded from all the evidence that defendant has satisfactorily discharged that burden in this case." (Tr. 98.)
Having found no manifest error in the trial court's judgment, the trial court judgment is affirmed.
Affirmed.