GLADNEY, Judge.
The petitioner, Frank J. Zuzak, brought this suit against Sam A. Freyer, alleging that he and the defendant consummated an agreement to undertake the development of certain subdivision property in Shreveport that was owned by Charles Tooke; that subsequently said property was transferred to a corporation, Eden Gardens, Inc.; that their undertaking was a joint venture whereby they were to share equally any profits or fees; that the defendant collected a fee of $8,000.00 as a result of the joint undertaking and judgment should be rendered in his favor for $4,000.00, less a credit of $750.00. Freyer denied there was any agreement for a joint venture as alleged, but that after Zuzak had refused to participate further in the development, the defendant rendered individual services which were compensated as above stated. The case was tried upon these issues, the trial judge recognizing that the only question presented in this litigation is whether or not there was such an agreement entered into by plaintiff and the defendant for the development of Eden Gardens, Inc. The case was decided against plaintiff, who has perfected an appeal.
Plaintiff and defendant, who are brothers-in-law, had in the past engaged in a number of joint undertakings by promoting and developing property for residential purposes, and shared the earnings therefrom. That some sort of general understanding or practice had existed between the parties is admitted by the defendant. On the other hand, it is conceded there were a number of real estate promotions that were conducted by plaintiff alone without any sharing of profits. Freyer testified that on each of the past joint ventures a separate corporation was formed and stock was divided. Also, it is admitted by defendant that he and plaintiff did participate in a number of conferences and discussions relating to the Tooke property, but these were conducted by Zuzak in furtherance of an effort to purchase the property, which purpose failed. *73 Freyer further testified that when the opportunity of taking over the management of Eden Gardens, Inc., with compensation fixed at $50.00 per lot, came up for discussion, Zuzak refused, saying he would not sell his services so cheaply and that he could make better use of his time in ventures where he owned an interest in the corporation and could benefit through capital gain on a long term basis. Plaintiff was further quoted as stating that in. any event in case of a trade with Tooke they should not accept less than five per cent of the gross sales for their services. Freyer testified that he then informed plaintiff that Tooke’s top limit was $50.00 per lot, and that in concluding the discussions he told plaintiff at that time: “You, being not interested, you don't mind if I go on into it.” The testimony of Zuzak and Freyer is in hopeless conflict.
After the corporation was formed under the name of Eden Gardens, Inc., in which Charles Tooke became the principal stockholder, Tooke engaged defendant as its general manager. Freyer, owning no stock in the corporation, performed services for the corporation. After sale of some of the property, an agreement was entered into between the corporation and Freyer, whereby the latter’s services would be compensated for $8,000.00 in lieu of payments of $50.-00 per lot.
The record does not reveal any corroborative evidence concerning the agreement between plaintiff and defendant, and Zuzak failed to establish the alleged $750.00 credit. The testimony of Tooke tends to support the position of the defendant.
The record fails to show a continuing partnership between plaintiff and defendant, as defined by LSA-C.C. art. 2801. To the contrary, we find there were several separate joint ventures between the parties. In the absence of an agreement, therefore, the defendant may not be required to account to plaintiff for services rendered to Eden Gardens, Inc. Sheridan v. LeQuire, La.App., 15 So.2d 118 (1st Cir. 1943); Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797 (1956); Walker v. Delahoussaye, La.App., 116 So.2d 884 (1st Cir. 1959). It was incumbent upon: Zuzak to establish the existence of the contract under which he claims, by a preponderance of the evidence. The issue is a question of fact and was properly determined by the trial court, which was in a better position than we to adjudicate the conflicting testimony. We think of particular significance herein is the rule that a trial court’s findings on questions of fact should not be disturbed unless manifestly erroneous, and especially is this rule applicable when the decision rests upon the credibility of an important witness. Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591 (1956).
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.