CHRIS T. BARNETTE, Judge pro tern.
This case arises out of an automobile accident which occurred on July 17, 1961, on U. S. Highway 61 (the “Airline” Highway) about two miles north of Kenner, Louisiana. At the point of the accident, this highway is a four-lane road, with two lanes proceeding north to Baton Rouge and two proceeding south to New Orleans. There is a neutral ground, between the two lanes, too narrow for an automobile to fit on without protruding out into the highway.
The plaintiff’s version of the accident is that he drove out across the two southbound lanes of traffic, got on the neutral ground and was waiting to get into northbound traffic when he was struck on the left side of his vehicle by the defendant’s insured who was driving a panel truck. He testifies that he had stopped some “5 or 10 seconds” before impact. In this he was corroborated by two witnesses, one of whom, a fellow employee, was the owner of the automobile he was driving, and the other also a fellow employee.
Defendant’s insured, on the other hand, claims that he was driving along the highway proceeding south to New Orleans when the plaintiff drove onto the highway without any warning and without giving him sufficient time either to blow his horn or apply the brakes before striking plaintiff’s car.
Plaintiff sued defendant for damages on account of personal injuries received in the accident and appeals to this court from an adverse judgment of the trial court.
The trial court found that plaintiff had violated three statutes and held such violation to be negligence per se. Plaintiff’s demands were therefore denied on the ground of contributory negligence. The three statutes cited by the trial court are LSA-R.S. 48:302, 48:341 and 32:240[1]. The first two of these cited statutes relate to controlled-access highways and channeling of traffic by use of dividing lines, markers, etc. The third prohibits driving through a safety zone. We do not find it necessary to discuss these alleged violations in detail, nor the degree to which such violations might have contributed to the accident. There is sufficient evidence in the record to show that plaintiff was in fact contribu-torily negligent and that the defendant’s insured did not have the last clear chance to avoid the collision.
*62 Concerning the conflicting charges of negligence, two witnesses, both of whom were plaintiff’s fellow employees and one being the owner of the car that plaintiff was driving, testified that plaintiff was stopped on the neutral ground at the time ■of the accident. However, since all parties agree that the defendant’s truck hit plaintiff’s car at the left door, this would have been impossible unless the truck was up on the neutral ground at the time of impact. The trial judge found as a matter •of fact that the accident occurred in the inner lane of the highway.
Plaintiff, to excuse his supposed stopping ■on the neutral ground, said that his vision of the north-bound traffic was blocked by a Billups truck to his right which also was trying to get into the north-bound traffic lanes, from another exit from the filling station, some 40 or SO feet in the direction of New Orleans. Yet the driver of this truck, a man who worked for the same company as plaintiff, testified that he was not even on the Airline Highway when the accident occurred, but was lighting up a cigarette at the Billups station at the time of the accident. There is evidence to indicate that some ill feeling existed between this witness and plaintiff and his testimony might have been influenced thereby. Due consideration has been given to this possibility.
The accident in question occurred before the enactment of the current Louisiana Highway Regulatory Act (310 of 1962). The prevailing law at the time was set forth in LSA-R.S. 32:237, subd. E[2] as follows:
“The driver of a vehicle entering a public highway from a private road * * * shall yield the right of way to all vehicles approaching on the public highway * *
This Court held in Gutierrez v. Columbia Casualty Co., La.App., 100 So.2d 537 (quoting from page 540) in a case involving this question:
* * *
“Of course, the rationale of the foregoing statute may not be interpreted to mean that a motorist may, in the face of imminent danger, simply rely upon the right of way accorded him by law and recklessly drive along the highway with complete abandonment of all caution, but it does mean that a motorist who in the exercise of ordinary care is driving in a public highway should not be held to the same standard or degree of care and vigilance, as if no such expression of the legislative intent existed. He has the right therefore to assume, unless danger can be reasonably anticipated or is otherwise imminent, that the promulgated law relating to this rule of the road is understood and will be observed, and he is not required to search in anticipation of other motorists who may, in violation thereof, enter any portion of a public highway from a private road or driveway without being relatively certain that it is safe to do so.”
* * *
The plaintiff was positive in his testimony that he never saw the truck and was totally unaware of its approach until it struck rendering him unconscious. The substance of his testimony is that he waited before entering the highway “for a couple of cars to come by” and that there were no other vehicles coming. He stated positively “There was no truck.” “Q There was no truck coming?” “A That’s right.” If the plaintiff did in fact look to his left to determine if the highway was clear, we cannot understand why he did not see the approaching truck. His fellow employees saw it and yelled to him a warning of its approach.
*63 Several witnesses, including plaintiff, estimated the unobstructed vision up the highway to be one-quarter of a mile. The plaintiff said his car was standing across the neutral ground 4 to 6 seconds before the impact. Other witnesses estimated 5 to 10 seconds. It would require a speed of 90 miles per hour to travel one-quarter mile in 10 seconds. Our conclusion is that the plaintiff simply failed to see the oncoming truck and was negligent on account thereof. See Bryant v. Parr, La.App., 86 So.2d 115. Any negligence on the part of the defendant is offset by this contributory negligence of the plaintiff.
The trial judge found that last clear chance did not apply in this case, and in this he is supported by some of the conflicting testimony. The trial judge’s findings of fact are entitled to great weight especially when the issue of a question of fact depends on deciding which of two or more conflicting witnesses is telling the true story. The defendant stated that plaintiff was on the road so suddenly that he did not have time to blow his horn or apply his brakes. The trial judge found as a matter of fact that the accident occurred on the left-hand, or inside, lane of the highway, and we agree there is ample testimony to support a finding that defendant did not have the last clear chance to avoid the accident.
Liability in this case depends entirely upon a question of fact. We have read the transcript of testimony carefully, hopeful that we might reconcile the conflicting testimony, but are unable to do so to our complete satisfaction. All things considered, it is our opinion that the plaintiff simply failed to see the approaching truck of defendant’s insured and drove onto the highway into its path too close to give the truck driver an opportunity to avoid the collision. This was the finding of fact of the trial court in which there is no apparent error. The only other conceivable explanation is, as plaintiff contends, that he stopped across the neutral ground to await a clearance before turning into the north-bound lane and that the truck driver was not keeping a lookout and did not see him until almost the moment of impact. This would seem to be negated by the fact that plaintiff’s car was struck in the middle of the left side. He was apparently across the traffic lane. The testimony does not support plaintiff’s contention that the truck came up on the neutral ground. This is a proper case for the application of the manifest error rule. Orlando v. Polito, La.App., 84 So.2d 433; Oubre v. Judice, La.App., 147 So.2d 745; Platt v. Scarborough, La.App., 108 So.2d 802.
The manifest error rule is especially applicable in a case of this type, where the question of fact involved depends on evaluating the credibility of witnesses giving contradictory impressions of a set of facts. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707; Jones v. Jones, 232 La. 102, 93 So.2d 917; Olivier v. Abunza, 226 La. 456, 76 So.2d 528.
The judgment appealed from is affirmed' at plaintiff-appellant’s cost.
Affirmed.

. Now LSA-R.S. 32:288.

. Now LSA-R.S. 32:124.