FRUGÉ, Judge.
This case emanates from a traffic accident which occurred on March 2, 1965. The facts are somewhat peculiar. Plaintiff, Mrs. Rose McGee, was proceeding south on Oak Street (U.S. Highway 84) in the Town of Jena, Louisiana, toward her place of employment, which was on the corner of Oak Street and First Street. She was proceeding at a slow rate of speed, intending to make a right turn (before reaching the corner of First Street) across a parking lane and between two parking meters, in order to arrive at the parking lot adjacent to where she worked. The parking lot had a regular entrance fronting on First Street, but there was no entrance as such on Oak Street. All along the west side of that block of Oak Street, there were places marked off for parallel parking and parking meters. The defendant’s insured, Mr. Currington, had been parked along the west side of Oak Street in a space marked for such and was preparing to drive his vehicle from that parallel parking place.
At the instant Mr. Currington began to move from his parallel parked position, Mrs. Rose McGee had began a right turn, directly in front of Mr. Currington, in order to proceed between two parking meters and to reach the parking lot. A minor collision resulted. Mr. Currington’s vehicle had moved only a foot or so from its original parked position at the point of impact.
Damage to the automobile driven by Mrs. McGee was estimated at $138.57, which damage consisted of a scrape along the passenger side of her car beginning at the rear of her right front fender and extending to the back door. The damage to the Currington vehicle was very minor. It consisted of a very slight dent on the front edge of his left fender and a broken turn signal glass. Damage to his automobile was estimated at $19.00 or $20.00.
The trial court rendered judgment in favor of defendant and plaintiffs appealed.
It is appellants’ position that the maneuver by Mr. Currington was the sole proximate cause of the accident. Appellants argue that Mr. Currington should have looked to his rear and side before endeav *467 oring any movement from his parked position, and that had he done so he would have seen the McGee vehicle in the process of turning directly in front of his vehicle.
We agree that one who is in a parked vehicle on the side of the traveled portion of a street or highway must yield the right of way to traffic proceeding down such a street. This obligation on the part of the motorist, by its very nature, requires him to observe whether or not his maneuver might interfere with normal traffic and to refrain from moving his vehicle until such movement can be made in safety. R.S. 32.103. See Roubion v. Marcotte, 119 So.2d 127 (La.App. 1st Cir., 1960); Gay v. United States Fidelity & Guaranty Co., 76 So.2d 60 (La.App. 2d Cir., 1954).
It is our opinion that Mr. Currington should have looked before moving out of the parking area into the traveled portion of Oak Street; and had he looked, he would have seen the McGee vehicle approaching from his rear and would have noticed that Mrs. McGee was attempting the uncommon maneuver of turning through the parallel parking place directly in front of his vehicle. Therefore, we find Mr. Currington guilty of negligence, proximately causing this accident.
The next question, therefore, is whether or not Mrs. McGee was guilty of such contributory negligence as will bar her (and her husband’s) recovery.
The record reveals that Mr. Currington was in his automobile at the time Mrs. McGee approached from the rear. The motor on the Currington vehicle was running and he was preparing to pull out from his parking place. Mrs. McGee desired to make a right turn directly in front of the Currington vehicle and in very close proximity to it. Without deciding whether or not it was negligence, per se, for Mrs. McGee to attempt to enter the parking lot outside of its regular entrance and between two parking meters set up for parallel parking, we find Mrs. McGee negligent in undertaking this maneuver under the circumstances prevalent at the time. We feel that she was of a position equal to that of Mr. Currington, to notice the impending danger. Had she seen Mr. Currington in his automobile, and had she noticed the engine of that vehicle running, she would have been on notice that Mr. Currington might pull out from his parked position.
We therefore find that Mrs. McGee was contributorily negligent in attempting a right turn, where there was no intersection or driveway, directly in front of the Currington vehicle and in very close proximity thereof under the prevalent circumstances. See R.S. 32:104.
Having found Mrs. McGee equally at fault in causing the accident, it is our opinion that the judgment of the trial court denying plaintiffs’ recovery was correct.
For these reasons, the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
Affirmed.