LOTTINGER, Judge.
This is a suit for personal injuries and property damage resulting from an automobile accident. The petitioner is Woodrow W. Phillips, who was driving his 1954 Chevrolet; defendants are Walter M. Morrison, the driver of a 1955 Chevrolet automobile, and his liability insurer, Travelers Indemnity Company. The Lower Court awarded judgment in favor of petitioner and against the defendants in the amount of $5,698.18. The defendants have appealed.
The evidence reflects that the accident occurred on July 31, 1957 on U. S. Highway No. 171, which runs generally northerly and southerly through the Parish of Vernon, Louisiana. The accident occurred at approximately three miles south of the Village of Anacoca, and about seven miles north of Leesville in the Parish of Vernon, Louisiana. The collision occurred at approximately 7:50 o’clock p. m. and the weather was dry at the time. The record discloses that immediately prior to the accident both petitioner and defendant were driving in a southerly direction on said highway, which is a two-lane paved strip of 18 feet in width with gravelled shoulders of approximately 12 feet. Petitioner was driving with his wife and baby at a speed of approximately 40 miles per hour, and was following a vehicle driven by Mr. Lee Graham. Prior to the acci *658 dent, the defendant was driving in a southerly direction at some distance to the rear of petitioner’s vehicle. After passing the crest of a hill, petitioner blinked his headlights as a signal to notify his intention to pass the Graham vehicle, and also turned on his left turn indicator. He speeded up to approximately 55 miles per hour, and entered his left, or the eastern, lane preparatory to passing the Graham vehicle. When his front bumper was approximately even with the rear bumper of the Graham vehicle, both petitioner and his wife, who was sitting beside him, heard a “commotion” to the rear, and upon looking to the rear, petitioner claims that he saw a vehicle overtaking him at an excessive rate of speed. Petitioner testified that the overtaking vehicle was zigzagging, and that he heard the screech of brakes. Immediately thereafter, the left rear of his automobile was struck by the right front of the overtaking vehicle which was driven by defendant Morrison. At the time of the impact, the testimony discloses that petitioner had entered his left lane of traffic, and was proceeding in a straight direction thereon. The petitioner further claims that prior to his turning into the left lane in his attempt to pass the Graham vehicle, he looked into his rear view mirror and did not see any vehicle following him.
The defendant, on the other hand, claims that he approached the two forward vehicles at a speed of 60 miles per hour. As these vehicles were proceeding at a slow rate of speed, approximately 35 miles per hour, he pulled into his left lane in an attempt to pass both vehicles. Defendant claims that at the time he executed his maneuver, the petitioner swerved to the left in his attempt to pass the Graham vehicle, although at the time defendant was in the process of passing the petitioner. The defendant admitted that he gave no signal of his intention to pass the plaintiff vehicle.
Considering the evidence as a whole, we feel that the Lower Court correctly held that the sole and proximate cause of this accident was the gross negligence of the defendant in proceeding at an excessive speed and failing to have his vehicle under proper control. The two investigating State Policemen, Sgt. Davis and Sgt. Prid-gen, testified that marks show that the defendant ran off partly onto his left shoulder at a distance of approximately 150 feet prior to the point of impact. They testified that the tracks showed that for this distance the brakes of the defendant vehicle had been applied, although they were not skidding. The evidence discloses that the two forward vehicles had been traveling at approximately 40 miles per hour a short time prior to the collision. This speed is testified to by both petitioner and the witness, Graham. In attempting to pass the Graham vehicle it was necessary for petitioner to increase his speed, and his testimony that he increased his speed to 55 miles per hour certainly appears reasonable. Had the defendant been traveling within the speed limit, then the facts certainly indicate that he would have been able to stop before the impact, as the physical evidence shows that he took to the shoulder for some 150 feet prior to the impact. Considering the reaction time of defendant, together with the distance that the officers testified that the brakes were applied prior to the impact, it appears that his speed must have been grossly excessive under the circumstances.
Mr. Graham testified that when the petitioner blinked his lights to indictae his intention to pass, he looked into his rear view mirror and saw only one vehicle trailing him. Petitioner testified that at the time he started his passing maneuver, he looked into his rear view mirror and did not see any vehicle trailing him. It therefore seems apparent that the defendant vehicle must not yet have attained the crest of the hill at the time petitioner first started his passing maneuver. The Lower Court found defendant to be guilty of excessive speed, which was the proximate cause of the accident and we concur in this finding.
*659 As a result of the accident, the petitioner sustained what is commonly termed a whiplash injury. The medical evidence which was adduced from four experts, without any serious disagreement, indicates that there was a possibility of a herniated disc between the sixth and seventh cervical vertebrae on the left side. One of the doctors testified that the motion of the cervical spine was SO per cent normal while another testified that petitioner had a 12 to IS per cent disability of the body as a whole. There is a possibility that major surgery will be necessary if it develops that a disc injury is present.
Although petitioner asks for damages for loss of wages, the record indicates that his employment was of such a nature that he did not lose any time from work'because of the accident. Petitioner is a special-diet cook at Fort Polk, Louisiana. Following the accident, he took some 18 days sick leave to which he was entitled. He subsequently returned to work, where his employer placed him on light duties for which he received his previous wage scale. At the time of the trial, petitioner was still on light duty and claimed that at times his neck still pained him rather extensively. At the time of the trial petitioner was still wearing a neck brace.
All the doctors testified that generally a whiplash injury is accompanied by intermittent pain. On one day, the injured might be pain free, whereas on the following day he might suffer great pain. Petitioner testified that he continually takes aspirin or some other similar drug for the relief of pain. No hospitalization was required because of the accident.
The Lower Court awarded judgment in the amount of $4,000 for the injures suffered by petitioner, $1,500 for pain and suffering, and $198.18 as damages to his car.
We find no error in the said awards. For the reasons assigned, the judgment of the Lower Court will be affirmed.
Judgment affirmed.