FRUGÉ, Judge ad hoc.
This suit was instituted by Resolute Insurance Company, the insurer of Lamon L. Moody, Jr., against the Canadian Indemnity Company, Los Angeles, California, the insurer of W. L. Morgan. As a result of the accident hereinafter described, Resolute Insurance Company, under the terms of its policy, compensated its insured, La-mon L. Moody, for the total loss of the insured’s automobile. Pursuant to a written act of subrogation, Resolute is conventionally and legally subrogated to the rights of Lamon L. Moody, Jr.
On the afternoon of January 29, 1955, Michael Moody, 19 years of age, was driving a Studebaker automobile from Lafayette, Louisiana, where he was a student at Southwest Louisiana Institute, to his home in Bogalusa, accompanied by another student named Earl Graham. When Moody reached a point on U. S. Highway 190, just east of Holden, Louisiana, and while traveling in an easterly direction as above in *524 dicated, he lost control of his vehicle and it turned over several times, coming to rest in a ditch on the right or south side of the highway.
The highway, .at the location of the accident was of asphalt or concrete construction, straight and level. The weather was clear and visibility was good.
The Studebaker car was damaged in the amount of $525, which amount, less the deductible of $50, was paid by Resolute Insurance Company, plaintiff herein, who carried the collision insurance on the Moody vehicle.
Upon trial on the merits, following oral arguments and submission of briefs, the Trial Court rendered judgment in favor of defendant, dismissing plaintiff’s suit at his cost. Hence, this appeal by plaintiff.
The petition alleges that plaintiff’s insured' vehicle, hereinafter for convenience referred to as the “Moody vehicle”, was proceeding, on January 29, 1955, in an easterly direction on U. S. Highway 190, east of Holden, Louisiana, following the defendant’s insured vehicle, hereinafter referred to as the “Morgan vehicle”; that both vehicles were proceeding in their right, or proper lanes of traffic; that the driver of the Moody vehicle, with intention of passing the Morgan vehicle
■“did loudly blow his horn and after the actions of the operator of the Morgan car indicated that he had heard the signal,. Michael Moody pulled over into the left traffic lane in order to proceed to pass the Morgan automobile; that as Moody was in'the process of passing the Morgan automobile, the operator of the Morgan automobile suddenly and without any previous warning or signal, pulled or turned sharply to his left to make a left-hand turn or to pass a preceding vehicle; that when Moody observed this sudden maneuver of the Morgan automobile, he attempted to apply his brakeb and pull back to the right in order to avoid a collision; that Moody was able to avoid a collision with Morgan automobile, but the suddeness with which Morgan turned to the left into the path of the Moody automobile after Moody had audibly signalled his intention of passing the Morgan car created a sudden emergency which caused Moody to lose control of his vehicle and turn over in a ditch on the right-hand side of the road” * * *.
Defendant, in its answer, denied all allegations of negligence and wrongful conduct on the part of its insured and alleged the following specific acts of gross negligence and want of care on the part of plaintiff’s insured:
“a) In attempting to pass a vehicle on a public highway when such vehicle was in process of passing a forward vehicle and had practically negotiated entirely the change into the passing lane of traffic prior to having been overtaken by said Studebaker automobile;
“b) In failing to have said vehicle under control;
“c) In driving at an excessive rate of speed in violation of the statutory law of the State of Louisiana; and
“d) In failing to bring the said Studebaker automobile to a stop and under control when the operator thereof saw, or should have seen, the Morgan car pulling to the left preparatory to passing a forward vehicle.”
The sole issue presented on appeal is the correctness of the ruling of the Trial Court in finding from the evidence whether the loss of control of the Moody vehicle resulted from the driver operating it at an excessive rate of speed, without proper control and lookout, or did such loss of control result from the fault on the part of the operator of the Morgan car.
*525 The Trial Court held:
“The court finds that the cause of the accident was the excessive rate of speed at which Moody was driving the Studebaker. He is bound to have been going at a rapid rate of speed because he admits accelerating his car to pass the Morgan car. In addition, he and his companion were two young students around 20 years of age, traveling from Southwestern Louisiana Institute and no doubt were in a hurry to get home. The highway was completely open in the front of them on the left hand or north lane of traffic. In addition, Mr. Coburn, who was a witness for the plaintiff, testified- that he had to speed his pickup truck up because he was afraid that he might get hit by the Moody car. Mr. Coburn saw part of the events through his rear vision mirror. He testified that he never did see the Morgan car pull over into the left hand lane of traffic, but Morgan testified that he was pulling over in a gradual manner in order to go around the Coburn pick-up truck.
“The Court believes that the driver of the Moody car should have slackened his speed when the hazard first became apparent. Had he slowed down the Court believes that he could have proceeded far enough on the left hand side, even with his wheels on the shoulder, to have pulled back into the left hand lane of traffic and eventually behind the Morgan truck without causing the accident. He is bound to have known that he should have been more careful, particularly when he was trying to pass a car with a trailer behind it. Had he been keeping a proper lookout the court does not believe he would have attempted to pass the Morgan car when he saw it pulling over to the left. There were only two witnesses for the plaintiff, viz, Michael Moody and George Coburn, and, actually, George Coburn’s testimony would not help the plaintiff’s cause other than to show that there was an accident. Earl Graham could not be located.
“Both W. L. Morgan and his wife testified for the defendant, but their son, who was also a passenger in the car, was in the armed services and his testimony was not available.
“There is conflict between the testimony of Moody and Morgan as to when Morgan began to pull over to go around the Coburn pick-up, but the court believes Morgan’s version of it because it is satisfied that the Moody car was traveling at an excessive rate of speed, not only to have passed the Morgan car but to have run between it and the Coburn truck which was ahead of the Morgan car and then to go into the ditch on the other side of the highway. In any event, assuming them to be of equal credibility, the plaintiff has failed to make out his case.”
Citation of authorities are not necessary in support of the proposition, that where the Trial Judge has seen, heard and observed witnesses, and many things that transpired in the courtroom, which are not susceptible of being taken down by the stenographer, his judgment on questions of fact will never be disturbed unless manifestly erroneous.
A close study of the record convinces us that the proximate cause of the accident was due to, the gross negligence of Michael Moody, in driving at an excessive rate of speed without proper lookout and control of his vehicle. Consequently, we conclude that there is no manifest error in the findings of fact of the Trial Court.
In the recent case of Phillips v. Travelers Indem. Co., La.App., 108 So.2d 657, the sole proximate cause of the accident was the excessive speed of the overtaking vehicle. The facts in the Phillips case, *526 supra, is very similar to the facts here. In both cases the excessive speed of the overtaking vehicle is the sole and proximate cause of the accident.
Plaintiff cites several well recognized authorities in support of his contention that Morgan was negligent, and that the said Morgan completely disregarded the rights and safety to others, and in doing so, Moody was faced with a sudden emergency. Then plaintiff goes on to state that a person, when faced with a sudden emergency is not held to the same exercise of discretion and care as is one who has the benefit of time and detached reflexion, and in support of this view, he cites the case of Muse v. Chambley, La.App., 16 So.2d 276, and the case of Norwood v. Burford, La.App., 83 So.2d 570, 573. The authorities cited are sound, but are inapplicable here, because of a different factual situation as determined by the Trial Judge, in which we concur.
For these and the foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.