HARDY, Judge.
This is an action by plaintiff for the recovery of damages resulting from an automobile collision. Defendant insurer admitted liability and, accordingly, the only issue tendered to the jury on trial was the question of quantum. The jury returned a verdict in favor of plaintiff in the sum of $12,000. The trial judge first ordered a re-mittitur, but, after motion by plaintiff, vacated his order and signed a judgment responsive to the verdict of the jury. From this judgment the defendant has appealed.
The accident occurred on January 3, 1958, as plaintiff stopped his car at a railway crossing on North Market Street in the City of Shreveport to await the passage of a switch engine, and was struck from the rear by an automobile driven by defendant’s assured.
Plaintiff claims damages in the nature of property damage to his automobile, medical expenses, past and future, pain and suffering, and loss of earnings. Plaintiff allegedly sustained injuries in the area of the cervical spine and the low back; was not confined to the hospital; lost no time from his work; appeared to have recovered from the whiplash injury at the time of trial thirteen months following the occurrence of the accident, but was still under treatment by his personal physician and complained of continuing pain in the low back area which prevented him from the performance of any type of heavy manual labor and seriously impaired any nature of physical activity.
Plaintiff was employed by Southwestern Electric Power Company as a turbine operator and, concededly, his duties did not require heavy manual labor, being confined to the checking of equipment and the supervision of operations of and adjustments to the machinery in his charge. No claim is made for loss or diminution of earnings for said regular employment. However, plaintiff established the fact that for some three years prior to the accident he had been employed in his spare time as a welder by Mr. A. M. Hauser, Jr., who owned and operated a welding shop. Evidence of plaintiff’s earnings in connection with this outside employment for the years 1955, 1956 and 1957 disclose that such earnings averaged almost $1,200 per year. It was further established that although plaintiff had attempted to perform this work during the year 1958, following the injuries sustained in the accident, he had been physically unable to continue this nature of physical activity and his attempted labors had consisted only of approximately eighty hours of work, for which he received the sum of $140.85.
Defendant offered the expert testimony of Dr. Ray E. King, a qualified orthopedic surgeon of Shreveport, who had made examinations of plaintiff in May and November of 1958. The witness testified that on the occasion of his first examination he thought plaintiff was in a condition to return to heavy work, but his examination in November indicated that plaintiff continued to suffer pain and the witness thought his complaints were sincere, despite lack of objective findings of injury.
It is evident from its verdict that the jury was convinced of the continued existence of plaintiff’s pain and disability, and it appears from the record that the district judge was of the same opinion despite his conclusion that the award of damages was excessive. In brief before this court counsel for defendant urges the reduction of the judgment to an amount not in excess of $5,000.
*630 Our careful examination of the record convinces us that plaintiff was suffering pain and was disabled from performing heavy manual labor of any kind at the time of trial, which, as above noted, was held thirteen months following the occurrence of the accident. Unfortunately, neither plaintiff’s physician nor defendant’s expert medical witness were willing to give an estimate of the period of time over which plaintiff’s pain and disability might reasonably be expected to endure.
Taking all factors into consideration, we think an allowance of $3,500 for pain and suffering; $2,500 representing loss of outside earnings, and $500 for damage to plaintiff’s automobile and medical expenses incurred and to be incurred, would reasonably compensate plaintiff for the injuries sustained.
For the reasons assigned the judgment appealed from is amended by reducing the principal amount of the award in favor of plaintiff and against the defendant from the sum of $12,000 to the sum of $6,500, and, as amended, it is affirmed at appellant’s cost.