JANVIER, Judge.
The motor vehicle collision from which this litigation results took place on the morning of November 18, 1958, in the Parish of Jefferson, in the intersection of Jefferson Highway and Monticello Street.
Jefferson Highway is a wide boulevard which has two double-lane vehicular roadways separated by a very wide neutral ground. Monticello Street crosses Jefferson Highway at a right angle. The “pick-up” truck of the plaintiff corporation, driven by an employee, Robert E. Huchingson, was on Jefferson Highway going in an easterly direction towards the City of New Orleans and was in the lane nearest the neutral ground of Jefferson Highway. The other car, a Buick sedan, owned 'and driven by Mrs. Irelia C. Robinson, was on Monticello Street going in a northerly direction. On the side of Monticello Street and to the right of Mrs. Robinson was a stationary traffic “stop” sign which required that vehicles before entering the highway from Monticello Street should stop. Mrs. Robinson, in her vehicle, entered the roadway on which the “pick-up” truck was approaching, was struck on its left side near the rear by the truck and was knocked to the end of the neutral ground to its right.
Mrs. Robinson had secured liability insurance from Bankers Fire & Marine Insurance Company. The plaintiff corporation, alleging that the accident had resulted from fault on the part of Mrs. Robinson, brought this suit against her and her insurer praying for solidary judgment in the sum *255 of $327.01 which was admitted to be the cost of repairing the damage sustained by plaintiff’s “pick-up” truck.
The defendants denied that there had been any negligence on the part of Mrs. Robinson and averred that the accident had been caused solely by negligence of Huch-ingson, and, in the alternative, charged that Huchingson had been guilty of contributory negligence. Mrs. Robinson, as plaintiff in reconvention, sought judgment against Williams-McWilliams Industries, Inc., alleging that the cost of repairing her car had been $280.19 and that she had sustained personal injuries for which she was entitled to receive $700. She prayed that she be awarded judgment in the sum of $986.10. It was conceded that the cost of repairing her car was $289.19.
There was judgment in favor of plaintiff and against both defendants solidarity in the sum of $327.01 and dismissing the re-conventional demand. Mrs. Robinson and her insurer both appealed.
There is the usual controversy over the speed of the two vehicles and over the question of whether Mrs. Robinson brought her car to a stop at the stop sign before entering the highway. We feel that a solution of the issue depends upon the determination of one question of fact and that is whether Mrs. Robinson drove into the highway directly in front of plaintiff’s truck and also just ahead of a large tractor van which was also approaching from her left and which was between her car and the truck of plaintiff.
In spite of the contention of Mrs. Robinson that this large tractor van did not enter the scene until after the collision had taken place; the evidence leaves no doubt that this very large piece of motor equipment was approaching just to the right of the “pick-up” truck of plaintiff and that Mrs. Robinson drove her car across that lane ahead of that tractor van and entered the lane in front of plaintiff’s truck when that truck could no longer be brought to a stop.
We find the fact to be as testified to by Huchingson:
“As I approached Monticello Street on Jefferson Highway I was alongside of this van trailer truck and when I reached a point somewhere between thirty (30) and fifty (50) feet of the center of the intersection I heard a loud noise and a thumping and bumping coming from the trailer truck. At the same time, this Buick automobile came across Jefferson Highway on Monticello Street and loomed up in front of me approximately that same distance and I immediately got on my brakes as fast as I possibly could.”
On behalf of defendants it is argued that Mrs. Robinson preempted the intersection in that she entered it first. That she entered it first is admitted as indeed it must be since she had almost completed the first crossing of the roadway before her car was struck, but the mere fact that she entered first did not create a preemption which gave her the right to cross. Preemption results only when entry is under conditions which justify the conclusion that the crossing does not create an emergency and may be completed without requiring any extraordinary action on the part of other drivers.
As we said in Marsiglia v. Toye, 158 So. 589, 591, preemption exists only “under circumstances which would indicate that the driver entered the intersection when it was reasonably safe to do so, * * We followed this with the statement that the mere fact that the driver “had managed tO' cross more than half the width of the right of way street would not, of itself, be sufficient.” In Porter v. De Boisblanc, 64 So.2d 864, 865, we said the “action of stopping must be followed by a careful appraisal of traffic on the right-of-way street, and no entry should have been made therein unless conditions clearly warranted it.”
It is argued that since the plaintiff did not produce the driver of the tractor *256 van to corroborate the testimony of Huch-ingson, it should be assumed that the testimony of this driver would have been unfavorable. It was shown that this driver did not reside here. As a matter of fact he lived in Scottsville, Kentucky, and the attorneys for the defendants were advised as to the name and address of the driver. The plaintiff was under no greater duty to produce this driver than was either of the defendants.
We conclude that the fault lay entirely with Mrs. Robinson.
Accordingly the judgment appealed from is affirmed at the cost of appellants.
Affirmed.