GLADNEY, Judge.
This suit was brought by plaintiff, individually, and in behalf of his ten year old son, David Wayne Trammell, for damages resulting from an accident of July 10, 1959, when the little finger on the child’s left hand was caught in the front door of a drugstore located at 2607 Sunset Plaza, Shreveport, Louisiana. Made defendants are Sunset Village, Inc., the owner of the building, Morris & Dickson Company, Ltd., and Shreveport Druggists, Inc., lessees, and their respective liability insurers. Following trial the judge a quo, in a written opinion, pointed out that there was no negligence on the part of any of the defendants, and that the minor’s injuries were the result of his own inattention in placing his fingers behind the door. From judgment rejecting plaintiff’s demands, he has perfected this appeal.
The defendants are charged with negligence in the following respects: (1) Constructing and maintaining entrance doors of a nature and type inherently dangerous; (2) Failing to keep the door in a proper working condition, and particularly, failing to keep the brake on the door in proper working condition; and (3) In placing a display of knives in a dangerous position in a manner so as to attract children or other persons, thereby creating an attractive nuisance. Exceptions of no cause or right of action were filed on behalf of each of the defendants and were overruled, after which answers were filed wherein it was alleged that the door was constructed and operated in a normal manner for front doors of drugstores; that there was no defect as to the structure or operation and consequently there was no negligence on their part. It is further pleaded, in the alternative, that David Wayne Trammell was negligent in several respects. The father of David Wayne Trammell was likewise charged with negligence in failing to maintain control or lookout for the safety of his minor son, and in permitting the minor to run about the defendant’s premises unattended. The lessor and its insurer filed a third party petition against the lessees and their insurer, to which the latter filed an exception of no cause and no right of action, and thereafter an answer.
There is no dispute concerning the proven facts, and the case presents for determination only the question of liability.
*23 On the aforesaid date the minor and his father were inside the drugstore when Mrs. Trammell, who was seated outside in an automobile, motioned for the child to come to her and then sent him into the drugstore for a magazine. He entered the drugstore through the left door and paused near the entrance to look at a display of knives, which was located directly adjacent to the door. While so engaged he placed his hand against the door jamb with the result that the opening and closing of the door occasioned by a customer’s exit, amputated a portion of the child’s finger. David, who was described by his father as being bright, could not assign any reason for placing his hand over the door jamb.
During the trial counsel for plaintiff requested that the judge visit the drugstore and inspect the operation of the door in question. This was done and the judge noted in his written opinion the following finding :
“We examined these doors and found the left hand door through which David entered closed without being checked, but it did not ‘slam’ and did not close any faster than the right hand door, which was somewhat checked before being closed.”
The door in question was one of two doors of heavy glass panels with aluminum frames, which open outward. Just inside the door immediately to the left as one enters, there was located a display counter, some twenty inches high and eighteen inches wide, which remained open and uncovered. David testified that just after he picked up one of the knives, which he described as a steak knife, his finger got caught in the door jamb. E. V. Sutton, the store manager, and Charles Benter, Assistant Manager, stated that the door had previously functioned without any defect in its operation or construction, and had continued to do so subsequent to the accident. These parties, together with Don Moore, of Sunset Village, Inc., testified they had no prior knowledge of any defects in the door and none had been reported. On behalf of plaintiff Harold E. Prothro testified that the brake on the door did not operate properly, but that doors which close slowly would still chop off a person’s finger if the finger were permitted to remain in the door jamb.
Predicated upon his examination of the doors and the testimony of the several parties above mentioned, the trial judge determined there was no defect in the construction nor fault as to the maintenance and operation of the door which caused the injury.
Counsel for appellant places stress upon the position of the knife display as being dangerously close to the door and in a manner so as to attract children, and contends that the display created an attractive nuisance which contributed to the injury of David Trammell. The doctrine of attractive nuisance is discussed under the title “Negligence” Amer.Juris. Vol. 38, page 815, § 149, wherein the following comment appears:
“The character of the instrumentality by which the injury complained of was received is of great importance in determining liability under the attractive nuisance doctrine. * * * Great, if not insurmountable, difficulty is experienced in attempting to state the kinds of machines, objects, or conditions which may be deemed attractions within the meaning of the attractive nuisance doctrine. In fact, the difficulty of determining the kinds of things to which the attractive nuisance doctrine is properly applicable has been regarded by some courts as a reason for rejecting the doctrine altogether. The fact that a thing is attractive to children is not of itself a ground for invoking the attractive nuisance doctrine. Clearly, not everything which may possibly excite the curiosity of a child amounts to an attractive nuisance. If everything containing some element of danger to a boy, of which a plaything possibly can be made by him, amounts *24 to an attractive nuisance, there is almost no limit to the application of the doctrine. In order to invoke liability under the attractive nuisance doctrine, it must be shown that the instrumentality or condition relied upon to constitute the attraction was a sufficient allurement as likely to attract children upon the premises, and that the instrumentality was fraught with such danger to your children as reasonably to require that precautions be taken to prevent children from coming in conflict therewith. The tendency of the courts is to exclude from the application of the attractive nuisance doctrine things not in their nature dangerous or peculiarly alluring or attractive to children, natural conditions, common or ordinary objects such as walls, fences, and gates, simple tools and appliances and conditions arising from the ordinary conduct of a business.”
In Browne v. Rosenfield’s, Inc., La.App. 1 Cir., 1949, 42 So.2d 885 a six year old child sustained an injury from having its finger caught in an escalator of the defendant’s store. In their petition for damages plaintiffs relied upon allegations that their son was attracted to the movement of the escalator and invoked the doctrine of attractive nuisance. The court held in favor of defendant, stating that an escalator in a department store was not such a “dangerous instrumentality” in itself as to be classed as an attractive nuisance so as to justify recovery. Plaintiffs’ cause of action was predicated on the theory that the store was required to keep an 'attendant on guard near the escalator to keep children of tender years from injuring themselves.
Nor are we convinced that a display of knives constitutes an attractive nuisance. We do not believe knives are more attractive to children than are many other things found in a drugstore. Appellant’s argument is that the child was attracted by the knives to a position in such proximity to the door jamb that the placing of the display of knives in that position was an act of negligence. We find no merit in this charge for, as found above, the doors were not inherently dangerous and it could not have been reasonably foreseen that such an injury would take place.
We find no basis for holding any of the defendants guilty of actionable negligence, and in this respect we fully concur with the findings of the trial judge. We are of the opinion the injury was occasioned solely by the negligent or careless act of David Wayne Trammell in placing his finger in the door jamb.
Our finding precludes a discussion of the other issues raised herein, including the exception of no cause or right of action filed on behalf of Sunset Village, Inc. and the several pleas of contributory negligence directed at David Wayne Trammell and his father, Mayron W. Trammell. Accordingly, the judgment from which appealed is affirmed at appellant’s cost.