FRUGÉ, Judge.
This is a suit in tort arising from a collision. From an adverse judgment defendants appeal. Plaintiff has answered the appeal asking that the awards be increased.
Plaintiffs are Mr. and Mrs. David Gun-ter, and Mrs. Hazel Lord. Defendants are Oscar E. Lord and his insurer, State Farm Insurance Company. (The suit as to Oscar E. Lord, husband of Mrs. Hazel Lord, has been dismissed.) Plaintiffs, the guest passengers of Oscar E. Lord, and Oscar E. Lord (who was driving) were proceeding in a southerly direction on the morning of July 2, 1959, a few miles south of Alexandria, Louisiana, on their way to Lake Charles and Sulphur, when Oscar Lord suddenly applied the brakes of his automobile and veered into the ditch oil his right or the western side of the highway. The testimony is to the effect that Mrs. Lord, who was sitting on the front right seat, was thrown against the “dashboard”; Mr. Gunter, who was sitting on the back right seat behind Mrs. Lord, was thrown over the front seat; and Mrs. Gunter, who was-sitting on the rear left, was thrown onto-the rear floor. Immediately after the car" was stopped Mr. Lord and Mr. Gunter assisted their wives in regaining their positions. Mr. Gunter testified that Mr. Lord made a statement to the effect that he (Mr. Lord) had almost run into a preceding truck and that he (Mr. Gunter) saw a truck and trailer proceeding on down the highway. Mr. Gunter also testified that Oscar Lord had “slapped” his brakes on. Mrs. Lord testified that she did not see anything. Mrs. Gunter testified that she heard the men saying that they had almost hit the rear-end of a truck and that she heard Mr. Lord making that statement. The statement attributed to Mr. Lord was made ás he and Mr. Gunter were aiding their wives. Mr. Lord was in Utah working at the time of trial and did not testify.
The lower court found that the plaintiffs have proved actionable negligence on the part of Oscar E. Lord in that Lord had failed to keep a proper lookout and in following the preceding vehicle too closely and this was the proximate cause of the accident. The trial judge found in effect that:
“The acts of the defendant in suddenly applying his brakes and veering his vehicle to the right such as to cause the vehicle to leave the highway, cross the shoulder of the road and go down an embankment into the ditch on the side is certainly an indication that the driver was following the preceding vehicle too closely.”
With the foregoing we are in full accord. Moreover, accepting the “res gestae” statement attributed to Mr. Lord that he had almost run into the back of a truck then it is obvious, without more, that Mr. Lord was following the preceding truck too closely (see LSA-R.S. 32:234 as to following a preceding vehicle, and cases thereunder) and/or not keeping a proper lookout, which was actionable negligence and *490 the proximate cause of the accident insofar as the record discloses.
There is no question but that the statement made by Mr. Lord was made spontaneously and hence admissible as a spontaneous statement made during the res gestae of the occurrence to which the statement referred. It was made immediately after the automobile had come to a stop and while Mr. Lord was helping the passengers. A declaration, to be res gestae, need not be coincident in time with the facts sought to be proved, when the time and the fact are so closely connected with the declaration that the declaration can be deemed a spontaneous explanation of the real cause. Butler v. Washington-Youree Hotel Co., La.App., 160 So. 825. This is not as in the case of Jack v. International Paper Co., La.App., 56 So.2d 875, where the declaration was made approximately one year after the occurrence and held not to be within the res gestae, nor as in O. E. Haring, Inc. v. Boylan’s Private Police, La.App., 56 So.2d 588, where the evidence was offered to show a statement of a person, deceased at the time of trial, to prove an agency relationship. In Stewart v. Herrin Transp. Co., La.App., 37 So.2d 30, where the statement as to the occurrence was made within five minutes of the accident it was held to have been admissible as part of the res gestae. The rule is applied in other jurisdictions. For example, a clear statement that an assertion made out of court, as testimony to the truth of the fact asserted, is not contrary to the hearsay rule where such statement is made spontaneously as a part of the res gestae of the accident with relation to which such testimony is offered. See Davis v. Bennett’s Adm’r, 279 Ky. 799, 132 S.W.2d 334. A declaration by a motorist that he knew he was driving fast, which was heard by an injured plaintiff while being removed from the car which had been struck by said motorist, was admissible as res gestae. Duncan v. Rhomberg, 212 Iowa 389, 236 N.W. 638. And in Lane v. Pacific Greyhound Lines, 26 Cal.2d 575, 160 P.2d 21, 24, with appropriate citation of authority, it was stated that
“ ‘Declarations which are voluntary and spontaneous and made so near the time of the principal act as to preclude the idea of [a] deliberate design, though not precisely concurrent in point of time therewith, are regarded as contemporaneous and admissible.’ Statements falling within that rule are admissible although self-serving. * « * »
Defendants allege error in the court below in refusing to admit an accident report made by Mr. Lord shortly after the accident to a representative of his insurer. Apparently defendant feels that the statement would cast doubt on the testimony as to the res gestae statement or as to the occurrence itself. The report was not within the res gestae and if defendant believed that Mr. Lord would have testified favorably to its cause then it should have obtained his testimony. Admittedly Mr. Lord was in Utah, however he was, nevertheless, available to his insurer and under the provisions of the policy was required to aid in the defense of the suit if defendant so requested. See Transcript page 59, Exhibit P-22, under “Conditions” No. 5, of the policy of insurance. Moreover, the courts have recognized that testimony of an insured defendant in a suit brought by the assured’s wife (as plaintiff) “ * * would naturally have been in favor of his wife’s case, and we do not believe in view of that fact, that defendant can be blamed for not using him as its witness.” Although defendant may not be blamed for not having its insured testify, nevertheless the testimony as to Mr. Lord’s statement, accepted as true by the trier of fact, leaves defendant in the position of not having produced testimony to negate the apparent negligence. We do not intend nor do we imply that defendant is being penalized for not having Mr. Lord testify, i. e., *491 no presumption[1] is being attached to defendant’s failure. However, when plaintiffs offered the res gestae statement, accepted as true, they made out a prima facie case of liability and in the absence of other evidence or testimony to the contrary (defendant having failed to go forward with the evidence) plaintiffs had carried their burden of proof.
The trial judge held that payments under the “medical payments” clause to Mr. and Mrs. Gunter for medical expenses barred recovery for those damages under the terms of the general liability policy. We disagree with his application of the doctrine of Hawayek v. Simmons, La.App. Orl., 91 So.2d 49, 61 A.L.R.2d 1254. For as was said in Distefano v. Delta Fire & Casualty Company, La.App., 98 So.2d 310, 312,
“It does not appear that called to the attention of the court in the Hawayek case were decisions construing the liability clauses in an automobile liability policy to constitute an entirely separate insuring agreement than that afforded by the medical payments clause.”
That court, First Circuit, ably discussed certain authorities and held payments under the “medical payments” clause, unless provided to the contrary in the policy, would not be deducted from the medical specials under the general liability clause. Bowers v. Hardware Mutual Casualty Co., La.App. Second Circuit, 119 So.2d 671, is concerned with the situation where the policy provides that the amount payable under the general liability provisions shall be reduced by payments made under the medical expense features of the contract, which was suggested as a differentiating feature in the Distefano case. See also Warren v. Fidelity Mutual Insurance Co., La.App. First Circuit, 99 So.2d 382; Bordelon v. Great American Ind. Co., La.App. Third Circuit, 124 So.2d 634; Dumas v. United States Fidelity and Guaranty Co., La.App. Third Circuit, 125 So.2d 12, writs granted, judgment of Court of Appeal, Third Circuit, annulled and reversed and the suit dismissed on other grounds, La., 134 So.2d 45; rehearing granted; Constantin v. Bankers Fire and Marine Insurance Co., La.App. Third Circuit, 129 So.2d 269; and Lewis v. Quebedeaux, et al., rehearing on other grounds, La.App., 134 So.2d 93. Furthermore, “ * * * the reasoning in the Distefano case is more legally sound than that in the Hawayek case * * *.” [125 So.2d 21.] (See Dumas case.)
Therefore, we find that the quantum of damages for liability under the general liability provisions should include medical and hospital expenses as specials, and a prior payment under the medical pay clause should not be set-off against the amount payable under the general liability provisions.
Plaintiff, David Gunter, itemized past medical expenses in the amount of $699.60, said amount covering medical for himself and his wife, Mrs. Gunter, and estimated future medical in the amount of $375, plus an estimated future drug bill of $50. The evidence amply preponderates that he is entitled to these amounts except for the $50 future drug bill as to which there is no testimony or evidence in the record on which to base this amount.
*492 Defendant contends that the award insofar as Mrs. Gunter is concerned is excessive and cites authority therefor. Mrs. Gunter suffered both a low back injury and a knee injury. Both injuries are of such a nature that hospitalization has been required and will be required in the future when she undergoes the recommended surgery to correct the results of the injuries received. There is no doubt but that both these injuries have been painful and will continue to be for some time after the operations.
Defendant relies on Jacobs v. Landry et al., La.App., 82 So.2d 481, where $1,000 was awarded a 50 year old woman for a lower lumbar injury; Norwood v. Burford, La.App., 83 So.2d 570, where $4,000 was awarded for an injury to the left third lumbar vertebra; Merchant v. Montgomery Ward, La.App., 83 So.2d 920, where $7,500 was awarded for injury to eighth thoracic vertebra and possible injury to fifth lumbar intervertebral disc; Johnson v. Wilson, La.App., 97 So.2d 674, where $8,507.37 (of which $807.37 was for medical special damages, an estimated $1,350 for future surgery and $1,320 loss of wages) for a “whiplash” type injury as well as a possible herniated intervertebral disc; Jackson v. Young, La.App., 99 So.2d 400, which awarded $4,526.70 for fracture of first lumbar vertebra; Fulco v. Lumbermen’s Mutual Casualty Co., La.App., 110 So.2d 871, $4,000 for compressor fracture of first lumbar vertebra; James v. Bituminous Casualty Corp., La.App., 115 So.2d 628, $6,500 for whiplash and low back injury; Phillips v. Travelers Indemnity Co., La.App., 108 So.2d 657, $5,500, for whiplash and possible herniated disc at fifth or sixth cervical vertebra; and Pickett v. Norwich Union Fire Ins. Soc., La.App., 119 So.2d 566, $7,000 for disc injury in area of third-fifth cervical intervertebral discs.
In supplemental brief defendant cites Thornton v. F. Strauss & Son, La.App., 129 So.2d 580, where $10,000 was awarded for a painful intervertebral disc injury in support of his contention that the award to Mrs. Gunter should be reduced. On the other hand, plaintiff cites McNulty v. Toye Bros. Yellow Cab Co., La.App., 73 So.2d 23, where $17,500 was awarded to a 46 year old woman for pain and suffering (past & future) who sustained a herniated disc that necessitated surgery and who suffered an ensuing osteomyelitis and abscess; Marcantel v. Southern Farm Bureau Cas. Ins. Co., La.App., 102 So.2d 879, where $10,000 was awarded for a back injury described as being a possible disc injury to a severe back strain to a mild back sprain for past and future pain; and Hidalgo v. Dupuy, La.App., 122 So.2d 639, where $20,000 was awarded for a back injury for resultant pain and suffering (past and future) etc. In the case at bar Mrs. Gun-ter suffered a herniated disc at the fourth lumbar vertebra and a possible herniated disc at the fifth lumbar, with a post traumatic chondritis of the injured knee. She requires surgery for both injuries. The prognosis is that it will be six to eight months before she will recover after the back operation without considering the knee operation. She has suffered pain in the past and will suffer in the future.
Although awards of damages for personal injuries in similar cases should be considered by the court so that within the limits permitted by particular facts, a degree of uniformity will be maintained to end that awards will not be out of all proportion one with the other, Landry v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 474; there is no rule or standard for assessing damages for personal injuries and the assessment of such damages is reposed in the sound discretion of the court, each case standing on its own circumstances. See McNulty v. Toye Bros. Yellow Cab Co., supra.
Thus, we find that the award of $13,000 to Mrs. Gunter is neither excessive nor inadequate.
We have carefully examined the transcript of testimony, the medical depositions *493 offered, and considering the whole record conclude that the remaining awards are fair and proper under the circumstances— consequently an extensive review of the voluminous medical record and testimony as to the extent of disability would serve no useful purpose.
Counsel for plaintiffs contend that insofar as they have proved certain damages (medical and physical) in excess of the amounts prayed for that these amounts should be increased accordingly by virtue of LSA-C.C.P. Arts. 862 and 1154 and cite numerous authorities therefor. We find no merit in this contention. The accident occurred in 1959; the suit was filed in 1959 ; the case was tried and submitted in 1960. Judgment was rendered on February 16, 1961. Although there appears to be authority under the Code of Civil Procedure authorizing an award in excess of the amounts prayed for we do not deem this a proper case in which to apply same. The mere fact that the Code of Civil Procedure became effective on January 1, 1961 —after the case was submitted but before judgment rendered — is not such as to justify an application thereof. For as was stated in Act 15 of 1960 (which enacted the Code of Civil Procedure), Section 4, <B), (2), (b)
“(B) [these] provisions * * *, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings:
«(1) * *
“(2) Pending on the effective date ■of this act, except that none of the provisions thereof shall:
“(a) * * *
“(b) Affect the validity or change ihe legal effects of any * * * procedural act done or attempted, or of any failure to act, prior to the effective date of this act in any civil action or proceeding, including HU not limited, to any; * * *; pleading filed; * * *; evidence introduced or offered; * *; order or judgment rendered; * * * whether actually completed or not.”
Our appreciation of the effect of this act, the intent of the legislature (and of those many legal scholars who so diligently travailed to create same) is that the act would not and could not be employed, in a case such as this, in the manner here sought. Plaintiff having demanded less than the amount due (as shown by the evidence in re medical) and not having timely (nor properly) augmented his demand, can recover only the amount claimed. See Mengel Co. v. Raziano, La.App., 57 So.2d 43.
For the foregoing reasons the judgment is amended to include the medical expenses in the amount of $1,074.60 ($669.60 past medical and $375 future medical) in the quantum of damages awarded Mr. Gunter and in all other respects affirmed at defendant-appellant’s costs.
Amended and affirmed.

. For cases applying to this presumption arising when the witnesses are not called see: Stewart v. Herrin Trans. Co., La.App., 37 So.2d 30; Chapman v. Travelers Indemnity Co., La.App., 45 So.2d 557; Elba v. Thomas, La.App., 59 So.2d 732; Potomac Ins. Co. v. City of Alexandria, La.App., 66 So.2d 22; Morello v. Viola, La.App., 66 So.2d 29; Crossley v. Stell, La.App., 69 So.2d 81; Wooten v. Thompson, La.App., 69 So.2d 557; Pierre v. Galloway, La.App., 96 So.2d 916; Lebo v. Metropolitan Casualty Insurance Co. of My., La.App., 99 So.2d 417; Pickett v. Norwich Union Fire Insurance Society, La.App., 119 So.2d 566; and Williams-McWilliams Ind. Co., Inc. v. Bankers S. & M. Ins. Co., La.App., 121 So.2d 253.